IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FAHY,<br><br>    Plaintiff,<br><br>v.<br><br>ORPHEOS TARBOX, et al.,<br><br>    Defendants<br>_____/ | No. C-09-1420 MMC<br><br>**ORDER GRANTING CITY DEFENDANTS' MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT; GRANTING STEINER'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court are two motions: (1) defendants City and County of San Francisco, Orpheos Tarbox, Timothy Buelow, and Steven Stocker's (collectively, "City Defendants") "Motion to Dismiss and Motion for a More Definite Statement," filed August 20, 2009; and (2) defendant Alec Steiner's ("Steiner") "Motion To Dismiss For Failure To State A Claim On Which Relief Can Be Granted [Fed. R. Civ. P. 12(b)(6)] Or, In The Alternative, For Summary Judgment [Fed. R. Civ. P. 56]," filed August 6, 2009. Plaintiff Frank Fahy ("Fahy") has filed an opposition to each motion. City Defendants have filed a reply to Fahy's opposition to their motion.[1] Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for September 25,

---

[1] Steiner did not file a reply.

1  2009, and rules as follows.

2  In their respective motions, City Defendants and Steiner argue the complaint filed
3  herein fails to provide them with fair notice of the basis of the claims alleged against them.[2]

4  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and
5  plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal,
6  129 S. Ct. 1937, 1949 (2009) (quoting Rule 8(a)(2)). "[T]he pleading standard Rule 8
7  announces does not require detailed factual allegations, but it demands more than an
8  unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (internal quotation and
9  citation omitted) "A pleading that offers labels and conclusions or a formulaic recitation of
10 the elements of a cause of action will not do." Id. (internal quotation and citation omitted).
11 "Nor does a complaint suffice if it tenders naked assertions devoid of further factual
12 enhancement." Id. (internal quotation, alteration, and citation omitted).

13 Here, the complaint consists of a series of "labels and conclusions," see id., in an
14 apparent attempt to state a claim or claims arising from an arrest. For example, the
15 complaint alleges that "[o]n or about April 10, 2008, defendants [named in the complaint]
16 and others who are unknown at present . . . conspired to, caused to be, and in fact,
17 detained searched, arrested imprisoned and tortured Frank Fahy without probable cause
18 and in violation of his constitutional rights." (See Compl. ¶ 3.) As another example, the
19 complaint alleges that "[d]uring [Fahy's] detention, [Fahy] was subjected [to] assault battery
20 deprivation of medical care and torture, causing permanent and debilitating injuries as a
21 result of the treatment while in custody on behalf of the said defendants." (See Compl.

---

[2] In the alternative, Steiner argues he is entitled to summary judgment, and, in support of such argument, offers a copy of a judgment entered in the Superior Court of California resolving an earlier-filed case brought by Fahy against him. Although Steiner does not expressly reference the doctrine of issue preclusion, it appears Steiner is relying thereon to argue the findings made in the prior case preclude Fahy from prevailing against him herein. In light of the Court's finding, discussed below, that the complaint is subject to dismissal, the Court finds it unnecessary to consider whether Steiner is entitled to summary judgment. The Court notes, however, that in the event Fahy files an amended complaint, and Steiner seeks to rely on findings made in the prior case, Steiner must submit, in addition to the findings made therein, a copy of the complaint or claim filed by Fahy in the earlier proceeding.

¶ 50.)  Noticeably absent from the complaint are factual allegations to support a claim for false arrest, excessive force, or any other legal claim.

"[T]he Federal Rules do not require courts to credit a complaint's conclusory statements."  See Iqbal, 129 S. Ct. at 1954.  Because the instant complaint consists of little more than conclusory statements, and consists of no factual allegations to support the legal conclusions stated throughout the complaint, the Court finds the complaint is subject to dismissal for failure to comply with Rule 8(a).

Accordingly, defendants' motions to dismiss will be granted.

## CONCLUSION

For the reasons stated above:

1. City Defendants' motion to dismiss and Steiner's motion to dismiss are hereby GRANTED, and the complaint is hereby DISMISSED.

2. If Fahy wishes to file a First Amended Complaint to cure the deficiencies identified above, Fahy shall file any such First Amended Complaint no later than October 9, 2009.  Further, each claim included in any First Amended Complaint (a) must be identified by a separate number, e.g., "First Claim for Relief," (b) must state a description of that particular claim, e.g., "False Imprisonment," and (c) must clearly identify which defendant or defendants are named in that claim.

3. The Case Management is hereby CONTINUED from October 9, 2009 to December 18, 2009.  A Joint Case Management Statement shall be filed no later than December 11, 2009.

**IT IS SO ORDERED.**

Dated:  September 17, 2009

MAXINE M. CHESNEY
United States District Judge

3