UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FAHY, | No. C-09-01420 MMC (DMR) |
| Plaintiff, | **ORDER DENYING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS, GRANTING MOTION FOR AN ORDER THAT PLAINTIFF COMPLETE HIS DEPOSITION, AND GRANTING MOTION FOR SANCTIONS** |
| v. | |
| ORPHEOS TARBOX, et al., | |
| Defendants. | |

Before the Court is Defendant City and County of San Francisco's Motion to Dismiss, or Alternatively For an Order that Plaintiff Frank Fahy Complete His Deposition and Motion for Sanctions. *See* Docket Nos. 151, 152. The Court conducted a hearing on April 14, 2011, during which the parties were given an opportunity to present their arguments. This Order summarizes the rulings made by the Court on the record during the April 14, 2011 hearing.

**I. DEFENDANT'S MOTION TO DISMISS OR FOR AN ORDER THAT PLAINTIFF COMPLETE HIS DEPOSITION**

Defendant City and County of San Francisco's ("Defendant" or "City") seeks dismissal of *pro se* Plaintiff Frank Fahy's action pursuant to Federal Rule of Civil Procedure 37(d), which authorizes dismissal of an action for a party's failure to attend his or her own deposition, on the

1  grounds that Plaintiff appeared for but failed to cooperate in completing his deposition on three
2  occasions.  Defendant's Motion to Dismiss is DENIED.

3  "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five
4  factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2)
5  the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4)
6  the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
7  sanctions." *Henry v. Gill Indus., Inc*., 983 F.2d 943, 948 (9th Cir. 1993) (citing *Porter v. Martinez*,
8  941 F.2d 732, 733 (9th Cir. 1991)).  "The first two of these factors favor the imposition of sanctions
9  in most cases, while the fourth cuts against a . . . dismissal sanction.  Thus the key factors are
10 prejudice and the availability of lesser sanctions." *Id*. (citing *Wanderer v. Johnston*, 910 F.2d 652,
11 656 (9th Cir. 1990)).

12 The third factor, prejudice to the moving party, "looks to whether [a party's] actions
13 impaired [the moving party's] ability to go to trial or threatened to interfere with the rightful
14 decision of the case." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc*., 857 F.2d
15 600, 604 (9th Cir. 1988).  The fifth factor requires the court to consider "the impact of the sanction
16 and the adequacy of less drastic sanctions." *Adriana Intern. Corp. v. Thoeren*,  913 F.2d 1406,
17 1412-1413 (9th Cir. 1990).

18 Here, the third, fourth, and fifth factors do not support dismissal of Plaintiff's complaint at
19 this time.  With respect to the third factor, the main prejudice the City argues it has suffered is delay.
20 The City also claims that Plaintiff's refusal to complete his deposition prevented them from moving
21 for summary judgment.  While it is true that Plaintiff's conduct has delayed potential resolution of
22 this case, Defendant has not been precluded from moving for summary judgment given that the
23 dispositive motion deadline is July 1, 2011.  *See* Docket No. 143 (Amended Pretrial Order).  Further,
24 as discovery is still open, Plaintiff's actions have not adequately interfered "with the rightful
25 decision of the case" to justify dismissal at this time.  *See Wanderer v. Johnston*, 910 F.2d 652, 656
26 (9th Cir. 1990) ("Delay alone, without a focus on its effects, will not justify dismissal or default.").

27 With respect to the fifth factor, the Court is not convinced at this time that less drastic
28 sanctions would not be adequate.  In addition to the present Motion to Dismiss, the City seeks

sanctions in the amount of $4,710 against Plaintiff.  As set forth in Sections II and III in this Order, the Court orders Plaintiff to pay a portion of the $4,710 sought by Defendant as sanctions, and orders Plaintiff to complete his deposition on April 19, 2011, which is before the discovery deadline.  The Court is holding in abeyance the question of whether Plaintiff will be sanctioned further, pending the timely completion of Plaintiff's deposition.  Any failure by Plaintiff to cooperate in completing his deposition may indeed demonstrate that lesser sanctions are inadequate, and the City may suffer prejudice if Plaintiff fails to cooperate in completing his deposition before the discovery deadline, potentially justifying dismissal.  Therefore, Plaintiff is hereby on notice that he may be sanctioned further and his case may be dismissed if he does not comply with this Order and fully cooperate in completing his deposition.

## II. MOTION FOR AN ORDER THAT PLAINTIFF COMPLETE HIS DEPOSITION

Defendant's Motion for an Order that Plaintiff Complete his Deposition is GRANTED.  Plaintiff is ordered to appear for and complete his deposition by the City on April 19, 2011 at 10:00 a.m. at the office of the City Attorney.  The deposition shall not exceed three (3) hours.  While attending his deposition, Plaintiff must comply with the office's reasonable security procedures, including signing in on the visitor's log and wearing a visitor's identification sticker.  Plaintiff may remove the visitor's identification sticker whenever he is being videotaped and on the record during the deposition.  Plaintiff shall state any objections for the record simply and clearly, and after lodging any such objections, Plaintiff must answer the question unless it calls for attorney-client privileged communications.  Any refusal by Plaintiff to answer a question asked by the City must be substantially justified or Plaintiff may be sanctioned.

If the City concludes that it needs more than three (3) hours to complete Plaintiff's deposition due to unnecessary dialogue or arguments by Plaintiff on the record, the City may request the Court issue an order authorizing additional time.  By no later than April 21, 2011, the City shall serve and file a letter to the Court reporting on the status of Plaintiff's deposition.

## III. MOTION FOR SANCTIONS

The Court concludes that Plaintiff's failure to cooperate with Defendant's attempts to complete his deposition on December 17, 2010 and March 8, 2011 was not substantially justified.

Although Plaintiff is self-represented, he has a law degree and practiced as an attorney for a number of years. He is aware of the obligations of a litigant to participate in good faith in discovery proceedings. He left the December 17, 2010 deposition without justification after twenty minutes. He showed up for the March 8, 2011 deposition, but raised spurious objections that triggered a cancellation of the proceedings. Therefore, Defendant's Motion for Sanctions is GRANTED in part. Defendant seeks $4,710 in sanctions. At this time, the Court orders Plaintiff to pay the City $510, which is the amount of the costs incurred by the City for retaining a court reporter on each of those two dates. Plaintiff provided evidence that he has limited financial resources. For this reason, Plaintiff may elect to pay the amount due the City in two installments of $255. The first installment shall be paid by May 15, 2011, and the second by June 15, 2011. The Court holds the question of whether Plaintiff will be ordered to pay the balance or a portion of the balance of the total amount of sanctions sought by the City in abeyance pending the timely completion of Plaintiff's deposition.

IT IS SO ORDERED.

Dated: April 18, 2011



DONNA M. RYU
United States Magistrate Judge

4