IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FAHY,<br><br>    Plaintiff,<br><br>  v.<br><br>ORPHEOS TARBOX, et al.,<br><br>    Defendants.<br>_____/ | No. C-09-1420 MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFS; VACATING JULY 15, 2011 HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; CONTINUING FURTHER STATUS CONFERENCE** |

    Before the Court is the Motion for Summary Judgment, filed June 10, 2011 by defendants Timothy Buelow ("Officer Buelow"), Steven Stocker ("Sgt. Stocker"), Michael Hennessey ("Sheriff Hennessey"), and the City and County of San Francisco, sued herein in its own name and as the San Francisco Police Department and the San Francisco Sheriff's Department ("the City").[1]  Plaintiff Frank Fahy ("Fahy"), appearing pro se, has filed opposition, to which the moving defendants have replied.

    The Court has read and considered the papers filed in support of and in opposition to the motion, and, as discussed below, finds it is appropriate to afford the parties leave to file supplemental briefing with respect to the First Claim for Relief.

    In the First Claim for Relief, Fahy alleges he was unlawfully arrested, in violation of

---

[1]Although the caption of the motion includes a reference to defendant Orpheos Tarbox ("Officer Tarbox"), all claims against Officer Tarbox were dismissed on May 28, 2010.  (See Minutes, filed May 28, 2010.)

42 U.S. C. § 1983, and names as defendants thereto Officer Buelow and defendant Alec Steiner ("Steiner").[2]  In support thereof, Fahy alleges that he and Steiner were involved in a minor automobile accident on April 10, 2008 (see FAC ¶¶ 1 -2), and that Steiner made "false statement[s]" to the San Francisco Police Department about the circumstances of the accident, which, in turn, caused Fahy to be arrested without probable cause (see FAC ¶¶ 17, 63).  The moving defendants argue that Officer Buelow, the arresting officer, is entitled to summary judgment as to the First Claim for Relief, for the asserted reason that he had probable cause to believe Fahy had committed a crime.

"'[P]robable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).  "The validity of the arrest does not depend on whether the suspect actually committed a crime." Id. at 36.  Indeed, the "fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." Id.

In support of their argument as to the First Claim for Relief, the moving defendants rely on the declaration of Officer Buelow.  Officer Buelow states that when he arrived at the scene, Steiner reported that another vehicle had "tried to pass him on the right in a non-traffic lane and side-swiped the right front end of [his] vehicle" (see Buelow Decl. ¶ 8), and that, although the other driver had pulled over after the accident, the other driver "left the scene without providing any information" after Steiner told the other driver that he was "calling the police" (see id. ¶ 8).  Officer Buelow further states that he observed "minor damage to the right-front end of [ ] Steiner's vehicle" (see id. ¶ 6), that the "driver of the vehicle that contacted [ ] Steiner's vehicle had left the scene" (see id. ¶ 7), and that Steiner's passenger "was injured" (see id. ¶ 5).  Later that same afternoon, according to Officer Buelow, Fahy came to the police station to report the same incident and told Officer

---

[2] Although Officer Tarbox is named as an additional defendant to the First Claim for Relief, all claims against Officer Tarbox, as noted, have been dismissed.

2

Buelow he had not observed any damage to Steiner's vehicle and that Steiner had told Fahy that no one had been injured. (See id. ¶ 9.) The above-described evidence is undisputed.[3]

The moving defendants argue that Fahy cannot establish a violation of the Fourth Amendment, for the asserted reason that Officer Buelow had, as a matter of law, probable cause to arrest Fahy for "passing on the right" and for "felony hit-and-run." (See Defs.' Mot. at 7:14-15.) On the record presented, the Court is not persuaded.

First, as to "passing on the right," although Officer Buelow's observations as to the location of the damage to Steiner's vehicle and Steiner's statements concerning the circumstances of the collision support a finding that Officer Buelow had probable cause to believe Fahy "pass[ed] another vehicle upon the right" by "driving off the paved or main-traveled portion of the roadway," in violation of the California Vehicle Code, see Cal. Veh. Code § 21755, such violation constitutes an infraction, see Cal. Veh. Code § 40000.1; the moving defendants cite no authority holding that an officer may, consistent with the Fourth Amendment, arrest an individual for an infraction committed outside the presence of a police officer. Cf. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (holding "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender"; finding officer did not violate Fourth Amendment where officer had probable cause to believe arrestee "in his presence" was not wearing seatbelt as required by state law, an offense punishable only by a fine).

Second, as to "felony hit-and-run," although the applicable California statute

---

[3]Fahy does offer evidence to support a finding that Steiner caused the accident, that the accident occurred in a single lane, that no one was injured in the accident, and that, after the accident, Steiner refused to accept from Fahy the information Fahy attempted to provide. (See Fahy Decl. ¶ 5, attached to Pl.'s Req. for Judicial Notice, and Ex. 4 thereto.) Fahy offers no evidence, however, to support a finding that Officer Buelow either was or should have been aware of those circumstances at the time of Officer Buelow's investigation. Moreover, the evidence on which Fahy relies consists of admissions by Steiner, based on Steiner's failure to respond to requests for admissions, see Fed. R. Civ. P. 36(a)(3), which admissions are not admissible as against the moving defendants, see Fed. R. Civ. P. 36((b).

3

provides that the "driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, . . . shall immediately stop the vehicle at the scene and shall fulfill the requirements of Sections 20003 and 20004," see Cal. Veh. Code § 20001(a); see also Cal. Veh. Code § 20003(a) (requiring driver to provide, inter alia, "name" and "current residence address"), a driver does not violate § 20001(a) unless the driver "knew or was aware that (1) he or she was involved in an accident and (2) the accident resulted in injury to another," see People v. Harbert, 170 Cal. App. 4th 42, 45 (2009).  Here, the moving defendants fail to show that, as a matter of law, Officer Buelow had probable cause to believe Fahy knew or was aware that the accident resulted in injury to another.  There is no showing, or even argument, that the accident at issue "was of such a nature that one would reasonably anticipate that it resulted in an injury to a person," see id. (internal quotation and citation omitted), nor is there any evidence that Steiner made any statement to Officer Buelow indicating he or his passenger had alerted Fahy as to any type of injury.  Finally, although Officer Buelow states he observed Steiner's passenger was "injured" (see Buelow Decl. ¶ 5), he does not describe in any manner the type of injury he observed, and, consequently, the Court cannot find, as a matter of law, such injury was of a type that would have been obvious to Fahy.  See People v. Carter, 243 Cal. App. 2d 239, 241 (1966) (holding knowledge of personal injury may be "imputed to the driver of a vehicle where the fact of personal injury is visible and obvious").

The undisputed evidence does appear to establish, however, that Officer Buelow had probable cause to believe Fahy violated Vehicle Code § 20002(a), the "essential elements" of which are that the driver "(1) knew he or she was involved in an accident; (2) knew damage resulted from the accident; and (3) knowingly and willfully left the scene of the accident (4) without giving the required information to the other driver(s)."  See People v. Carbajal, 10 Cal. 4th 1114, 1123 n. 10 (1995).  Although a violation of § 20002(a) constitutes a misdemeanor, see Cal. Veh. Code § 20002(c), an officer may, consistent with the Fourth Amendment, arrest a person for a misdemeanor committed outside of his presence where probable cause exists.  See, e.g., Barry v. Fowler, 902 F.2d 770, 772-73

4

(9th Cir. 1990) (holding plaintiff alleging claim under § 1983 failed to establish unlawful arrest where arresting officer had probable cause to believe plaintiff had committed misdemeanor outside of officer's presence; observing state law "requirement that a misdemeanor must have occurred in the officer's presence is not grounded in the Fourth Amendment").

Because the moving defendants have not expressly argued that Officer Buelow had probable cause to believe Fahy had violated § 20002(a),[4] the Court finds it appropriate to afford the parties leave to file supplemental briefing to address such issue.

Lastly, the Court finds it appropriate that Fahy, in his supplemental briefing, be given an opportunity to show, if he can, why Steiner should not be granted summary judgment as to the First Claim for Relief, on the ground that there is no evidence to support a finding that Steiner, even assuming such defendant made false statements to Officer Buelow, was engaged in "state action." See Caviness v. Horizon Community Learning Center, Inc., 590 F.3d 806, 812 (9th Cir. 2010) (holding § 1983 is applicable only to "state action," i.e., conduct "fairly attributable to the State"); Buckingham v. United States, 998 F. 2d 735, 742 (9th Cir. 1993) (holding district court may enter summary judgment sua sponte if party against whom judgment entered is provided "reasonable notice" of grounds).

## CONCLUSION

For the reasons stated above,

1. Fahy is hereby afforded leave to file supplemental opposition, no later than July 22, 2011, and not to exceed ten pages in length exclusive of exhibits, to address the issue of whether Officer Buelow had probable cause to arrest him for a violation of § 20002(a) and, further, to address the issue of whether summary judgment should be entered as to the First Claim for Relief in favor of Steiner.

2. In the event that Fahy files supplemental opposition, defendants are hereby afforded leave to file a supplemental reply, no later than July 29, 2011 and not to exceed

---

[4] Section 20002(a) is not a lesser included offense of § 20001(a). See Carter, 243 Cal. App. 2d at 242.

five pages in length.

3. The July 15, 2011 hearing on the motion is hereby VACATED and, unless the parties are otherwise informed, the Court will take the matter under submission as of July 29, 2011.

4. The Further Status Conference is hereby CONTINUED from July 15, 2011 to August 26, 2011.  A Joint Status Conference Statement shall be filed no later than August 19, 2011.

**IT IS SO ORDERED.**

Dated: July 12, 2011

MAXINE M. CHESNEY  
United States District Judge